**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ELIA ENMANUEL VALLE PEREZ,

Petitioner,

v.

WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,

Respondent.

No. 4:26-CV-02030

(Chief Judge Brann)

**MEMORANDUM OPINION**

**AUGUST 25, 2026**

## I. BACKGROUND

Elias Enmanuel Valle Perez, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Valle Perez is currently detained at the Pike County Correctional Facility located within the Middle District of Pennsylvania.[2]

Valle Perez, a citizen and native of the Republic of Nicaragua, entered the United States of America in September of 2021.[3] After his release into the United States, Valle Perez obtained employment authorization and worked in the

---

1 Doc. 1.
2 *Id.* at 2.
3 Doc. 5-2 at 1-3.

construction industry.[4] On May 28, 2026, Valle Perez was arrested by ICE while on his way to work; he has remained in ICE custody since that date.[5]

In July of 2026, Valle Perez filed this § 2241 petition seeking release from custody, asserting that his continued detention without a bond hearing violates his constitutional rights.[6] Respondent replies that 8 U.S.C. § 1225(b) applies to all individuals who are not inspected and lawfully admitted to the country, regardless of whether they manage to enter the country surreptitiously, and Valle Perez is therefore subject to mandatory detention without a bond hearing.[7] Moreover, Respondent asserts that Valle Perez's continued detention without a bond hearing does not violate his due process rights.[8]

After considering the arguments, for the reasons discussed below, the petition will be granted.

## II. DISCUSSION

Valle Perez brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[9] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending

---

4 Doc. 1-2 at 2; Doc. 1-4 at 5.
5 Doc. 5-4 at 2; Doc. 1 at 3.
6 *See* Doc. 1.
7 Doc. 5 at 16-41.
8 *Id.* at 41-45.
9 28 U.S.C. § 2241(c)(2).

removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[10] Valle Perez's claims are therefore properly brought in this petition.

**A. Merits of the Petition**

The determination of whether Valle Perez is improperly detained requires an examination of two separate provisions in immigration law: 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a). Section 1225(b) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings.[11] In contrast, 8 U.S.C. § 1226(a) states only that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In accordance with that language, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."[12] These two provisions consequently provide for opposite outcomes: under § 1225(b) Valle Perez may not receive a bond hearing, but under § 1226(a) he must receive such a hearing. The Court therefore examines each statute to determine which applies to Valle Perez.

Turning first to 8 U.S.C. § 1225, as the United States Court of Appeals for the Second Circuit recently observed, to trigger § 1225(b)(2)(A), an individual must be

---

10 *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).
11 8 U.S.C. § 1225(b)(2)(A).
12 *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

(1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted.[13] Consequently, "Section 1225(b)(2)(A) . . . applies only to a noncitizen who is both an 'applicant for admission' and who is 'seeking admission.'"[14]

Section 1225 defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)."[15] While applicable federal law does not define "alien seeking admission," courts construe the plain language of "seeking admission" to describe "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry."[16]

Courts have observed that such a "reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*,"[17] wherein the Supreme Court "noted [that] § 1225(b) applies primarily to aliens seeking entry into the United States."[18] That reading of "seeking admission" further "preserves a distinction between 'seeking admission' and the separate term 'applicant for admission,' ensuring that each phrase

---

13 *Barbosa da Cunha v. Freden*, 175 F.4th 61, 74 (2d Cir. 2026).
14 *Id.*
15 8 U.S.C. § 1225(a)(1).
16 *Ramirez-Montoya v. Rose*, No. 3:25-CV-02411, 2025 WL 3709045, at *4 (M.D. Pa. Dec. 22, 2025) (collecting cases).
17 *Id.*
18 *Jennings*, 583 U.S. at 297.

carries independent meaning."[19] In sum, a plain reading of § 1225(b) demonstrates that it applies to individuals who are attempting to enter the United States, not those already within the country.

With respect to § 1226(a), the Supreme Court has been explicit that "§ 1226 applies to aliens already present in the United States."[20] That Section "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings" and "permit[ting] the Attorney General to release those aliens on bond."[21] Therefore, while § 1225(b) applies to individuals detained while entering or attempting to enter the country, § 1226(a) applies generally to those who are detained within the country.[22]

These definitions create dual tracks: if an individual is detained attempting to enter the country illegally or while otherwise presenting themselves for inspection and entry, they are subject to mandatory detention pursuant to § 1225(b). If they are arrested after having already entered the country, they are subject to detention under § 1226(a) and are entitled to a bond hearing.

---

19 *Ramirez-Montoya*, 2025 WL 3709045, at *4.

20 *Jennings*, 583 U.S. at 303.

21 *Id.*

22 *See Barbosa da Cunha*, 175 F.4th at 74 ("Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission" while "Section 1225(b)(2) . . . applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization").

Applying that distinction here, Valle Perez must be detained pursuant to § 1226(a). Valle Perez entered the United States in September of 2021 and, at that time, he could reasonably have been construed as seeking admission and therefore as an individual governed by § 1225(b).[23] However, he was not arrested and detained until May of 2026[24] after having resided "in the United States for an extended period of time"; accordingly he is no longer seeking admission and "§ 1226(a), not § 1225(b)(2)(A), applies to" Valle Perez during his detention.[25] Because § 1226(a) applies, mandatory detention is not warranted.[26]

Having determined that Valle Perez is being detained under the wrong section of immigration law and is improperly being denied a bond hearing, the Court must next determine whether Respondent's actions violate Valle Perez's Fifth Amendment Due Process rights.

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property without due process of law." That Amendment "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent,"[27] and therefore individuals "facing removal are entitled to due process."[28]

---

23 Doc. 5-2 at 3.
24 Doc. 5-4 at 2.
25 *Ramirez-Montoya*, 2025 WL 3709045, at *5.
26 *See, e.g., Patel v. O'Neil*, No. 3:25-CV-2185, 2025 WL 3516865, at *5 (M.D. Pa. Dec. 8, 2025) (finding in similar circumstances that § 1226(a) applies).
27 *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).
28 *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

This Court applies the balancing test developed in *Mathews v. Eldridge*[29] to determine whether the failure to provide Valle Perez with a bond hearing under § 1226(a) violates his due process rights.[30] Under that test, courts must consider

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.[31]

The first factor weighs heavily in favor of concluding that Respondent's actions have deprived Valle Perez of his due process rights, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."[32] The second factor likewise favors Valle Perez, since "he is presently and *erroneously* detained under the mandatory detention provisions of § 1225, without an opportunity for a bond hearing."[33]

Finally, as other courts have observed, the Government does have an interest in detaining noncitizens to ensure "'the appearance of aliens at future immigration

---

[29] 424 U.S. 319, 335 (1976).

[30] *Cf. Sewak v. I.N.S.*, 900 F.2d 667, 674 (3d Cir. 1990) (applying that test to determine whether applicable deportation regulations were capable of protecting an individual's due process rights).

[31] *Mathews*, 424 U.S. at 335.

[32] *Zadvydas*, 533 U.S. at 690. *See also Patel*, 2025 WL 3516865, at *6; *Ramirez-Montoya*, 2025 WL 3709045, at *6.

[33] *Patel*, 2025 WL 3516865, at *6 (quoting *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *8 (D.N.J. Oct. 22, 2025)).

proceedings' and 'prevent[] danger to the community.'"[34] These interests certainly justify detaining individuals in appropriate circumstances. But they cannot weigh in favor of Respondent when he is denying wholesale a bond hearing—the very purposes of which is to establish whether an individual "poses [a] flight risk [or a] danger to the community."[35] In balancing these three factors then, it is clear that Valle Perez's continued detention without a bond hearing violates his due process rights. Consequently, the Court will grant his § 2241 petition.

### B. Remedy

Having determined that Respondent has violated Valle Perez's due process rights, it must next determine what remedy is appropriate. As other courts have frequently discussed, ICE may detain an individual in these circumstances "only if, under § 1226(a) and applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or danger to the community."[36] Consequently, where respondents "do not allege any facts suggesting that [a petitioner] poses either concern," release from custody is an appropriate remedy.[37]

Here, there are no facts in the record that would suggest—let alone establish—that Valle Perez poses either a danger to the community or a flight risk. Rather, the

---

[34] *Soto*, 2025 WL 2976572, at *8 (quoting *Zadvydas*, 533 U.S. at 690).

[35] *Ramirez-Montoya*, 2025 WL 3709045, at *4 (internal quotation marks omitted).

[36] *Bautista Calles v. Jamison*, No. CV 26-5539, 2026 WL 2322469, at *4 (E.D. Pa. Aug. 11, 2026) (citing *Yilmaz v. Warden of Fed. Det. Ctr. Phila.*, No. CV 25-6572, 2025 WL 3459484, at *3 (E.D. Pa. Dec. 2, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at *8 n.69 (E.D. Pa. Nov. 25, 2025); 8 C.F.R. § 1236.1(c)(8), (d)(1)).

[37] *Id.*

record indicates that Valle Perez has no criminal history, was lawfully entitled to work within the United States, was steadily employed, paid taxes, and lived in the same community during the entirety of his time in this Country.[38] Because Respondent offers no justification for Valle Perez's continued detention, release from custody is appropriate.[39]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondent has violated Valle Perez's due process rights by detaining him without a bond hearing. Accordingly, his petition will be granted, and the Court will order that Valle Perez be promptly released from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

38 Doc. 1-2 at 2; Doc. 1-4 at 5; Doc. 1-5; Doc. 5-4 at 3.

39 *See Bautista Calles*, 2026 WL 2322469, at *4; *Kaziev v. Jamison*, No. CV 26-4837, 2026 WL 2279456, at *10 (E.D. Pa. Aug. 7, 2026); *Lopes v. Jamison*, No. CV 26-234, 2026 WL 299991, at *4 (E.D. Pa. Feb. 4, 2026).